UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC H. NGUYEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CUONG PHAN,<br><br>　　　　Defendant. | No.  2:24-cv-02177-TLN-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the undersigned by Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP").  However, the application is largely incomplete and does not provide the information necessary for the Court to make a determination.  *See* 28 U.S.C. § 1915(a)(1).  Accordingly, the Court will defer ruling on the motion to proceed IFP and direct Plaintiff to provide a complete application.  For the reasons provided below, the Court also finds Plaintiff's complaint is legally deficient but will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

### B. The Complaint

The caption page of the Complaint lists Cuong Phan as the sole defendant, but the body of the Complaint lists three additional defendants—Auto Lucky Shop, Phuong, and Thuc Nguyen. ECF No. 1 at 1-3. The complaint asserts no basis for the Court's jurisdiction. *Id.* at 3. On the Complaint form, Plaintiff left the "Basis for Jurisdiction," "Statement of Claim," and "Relief" sections entirely blank. *Id.* at 3-6. The cover sheet attached to the Complaint describes the basis for the case: "He want my life end because my parent owned." ECF No. 1-1 at 1. No other information is contained in the Complaint or the cover sheet.

### C. Analysis

As an initial matter, recently, a "Notice of Voluntary Dismissal" was filed in this case. ECF No. 4. The docket indicates it was filed by Plaintiff but the document itself indicates that someone by the name of Ricky Nguyen is seeking dismissal of Phan Cuong. *Id.* Because it's unclear that *Plaintiff* is seeking voluntary dismissal of one of the defendants in this case, the Court will not construe the document docketed as ECF No. 4 as a notice of voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure.

With respect to the Complaint, the Court finds that it does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) because it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing plaintiff's entitlement to relief. The nature of Plaintiff's claim is unclear from the Complaint. As currently pled, the Complaint appears to have no arguable basis either in law or in fact and is thus frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

When a plaintiff is proceeding pro se, as is the case here, the pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar*, 698 F.3d at 1212.  Here, Plaintiff's complaint is so lacking in factual detail, that the Court cannot determine what it is attempting to allege or whether amendment would be futile.  Therefore, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must: name all the parties in the caption, allege facts establishing the existence of federal jurisdiction, contain a short and plain statement of plaintiff's claims, and set forth the allegations in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff shall file a properly completed application to proceed in forma pauperis **within 30 days** of the date of this Order.  Plaintiff shall complete all portions of the application with enough detail for the court to determine whether Plaintiff is eligible to proceed in forma pauperis.  Additionally, if the answer to a question is zero or not applicable, Plaintiff shall so indicate rather than leaving the form blank.

2. Plaintiff **shall have 30 days from the date of this Order** to file an amended complaint that addresses the defects set forth above.  The amended complaint must include a sufficient jurisdictional statement and comply with the Federal Rules of Civil Procedure, including Rule 8.  The amended complaint must bear the case number assigned this case and must be labeled **"First Amended Complaint."**

3. Failure to file a properly completed application to proceed in forma pauperis and amended complaint in accordance with this order will result in a recommendation that this case be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

4. Alternatively, if Plaintiff no longer wishes to pursue this action Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: December 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE